**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                              Case No: 03-CR-80658

GEORGE CLINT SINGLETON

      Defendant.

                            /

**RE-SENTENCING ORDER**

This matter is before the court on remand from the United States Court of Appeals for the Sixth Circuit for re-sentencing in light of the Supreme Court's decision in *United States v. Booker*, 125 S.Ct. 738 (2005). The court has received sentencing briefs from both parties and Defendant George Clint Singleton has waived his appearance at a re-sentencing hearing. For the reasons discussed below, the court will again impose on Defendant the original sentence of 37 months imprisonment.

**I.  BACKGROUND**

On September 24, 2003, Defendant George Clint Singleton was convicted by a jury of conspiracy to violate the Resource Conservation and Recovery Act in violation of 18 U.S.C. § 371 & 42 U.S.C. § 6928(d)(1); knowing transportation of hazardous waste to a non-permitted facility in violation of 42 U.S.C. § 6938(d)(1); storage and disposal of hazardous waste in violation of 42 U.S.C. § 6938(d)(2); and transportation of hazardous waste without the required manifest in violation of 42 U.S.C. § 6938(d)(5). After reviewing the presentence investigation report and Defendant's objections, the court sentenced Defendant to three concurrent terms of 37 months of imprisonment and a concurrent term of 24 months of imprisonment, to be followed by three years of

supervised release.  Additionally, the court imposed a $400 special assessment and

ordered Defendant to pay restitution of $84,816.83.[1]

Defendant appealed, and the United States Court of Appeals for the Sixth Circuit

affirmed his convictions, but vacated the sentence and remanded for re-sentencing in

light of the Supreme Court's intervening decision in *United States v. Booker*, 125 S.Ct.

738 (2005).

## II.  STANDARD

In *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000), the United States

Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that

increases the penalty for a crime beyond the prescribed statutory maximum must be

submitted to a jury, and proved beyond a reasonable doubt."  *Id.* at 490.  The Supreme

Court applied this rule to state sentencing guidelines in *Blakely v. Washington*, 542 U.S.

296, 124 S.Ct. 2531 (2004).  The *Blakely* Court specified that the "'statutory maximum'

for *Apprendi* purposes is the maximum sentence a judge may impose *solely on the

basis of the facts reflected in the jury verdict or admitted by the defendant."*  *Id.* at  2537

(emphasis in original).  The Court found that the defendant's enhanced sentence issued

under the State of Washington's sentencing procedures violated the Sixth Amendment

based on the rule in *Apprendi*.  *See id.* at 2538-39.

The United States Supreme Court has held that the rule set forth in *Blakely*

applies to the United States Sentencing Guidelines.  *United States v. Booker*, 125 S.Ct.

738 (2005).  More specifically, the *Booker* Court applied the principles in *Blakely* to hold

that the Sentencing Guidelines were unconstitutional insofar as they mandated that a

defendant's sentence be increased based on facts not found by the jury beyond a

reasonable doubt.  *Id.* at 755-56.  To remedy this constitutional violation, the Court

---

[1]The restitution portion of his sentence has been paid in full.  (Def.'s Br. at 2;
10/17/05 Order at 2.)

severed two sections of the Sentencing Reform Act (the "SRA"), making the Sentencing Guidelines effectively advisory. *See id.* at 756-67 (severing and excising 18 U.S.C. § 3553(b)(1) & § 3742(e)).

Thus, after *Booker*, district courts may still consider the same evidence, and make the appropriate findings,[2] under the applicable Sentencing Guidelines; once the applicable range is determined, however, the court must determine in its discretion whether this range is appropriate, after considering all the other factors in § 3553(a). *United States v. Oliver*, 397 F.3d 369, 380 n.3, 382 n.5 (6th Cir. 2005); *see also United States v. Jamieson*, 427 F.3d 394, 417 (6th Cir. 2005) ("As the *Booker* [C]ourt explained however, the district court must take the recommended guidelines into account when re-sentencing [the defendant]."); *United States v. McDaniel*, 398 F.3d 540 (6th Cir. 2005) ("Although the *Booker* Court severed and rendered inapplicable 18 U.S.C. § 3553(b)(1) and 3742(e), which made adherence to the Guidelines mandatory, the *Booker* Court also explained that sentencing courts should continue to consider the recommended Guidelines sentence.").

### III. DISCUSSION

The parties instant sentencing dispute involves the court's application of a six-level enhancement pursuant to USSG § 2Q1.2(b)(1)(A) because it concluded that Defendant's offense involved a continuing release of hazardous substances. Defendant correctly points out that during the Sentencing Hearing, the court commented on the

---

[2] The court will utilize a "preponderance of the evidence" standard to make the relevant findings of fact which may result in sentencing enhancements or downward departures. *See United States v. Yagar*, 404 F.3d 967, 972 (6th Cir. 2005) ("[A] finding under the Guidelines must be based on reliable information and a preponderance of the evidence."); *see also Coleman*, 370 F. Supp. 2d at 667-68 ("[M]ost courts agree that judicial fact-finding [post-*Booker*] may be made by a preponderance of the evidence so long as the court is operating in an advisory regime.") (citing *Cirilo-Munoz v. United States,* 404 F.3d 527, 532-33 (1st Cir. 2005); *Guzman v. United States,* 404 F.3d 139, 143 (2d Cir. 2005); *United States v. Mares,* 402 F.3d 511, 519 (5th Cir. 2005); *Yagar,* 404 F.3d at 972; *McReynolds v. United States,* 397 F.3d 479, 481 (7th Cir. 2005)).

fairness of the six-level enhancement, and argues that, now that the Sentencing

Guidelines are no longer mandatory, the court should decline to impose this

enhancement.[3]

The court indeed doubted the "fairness" of the application of the six-level

enhancement to the facts of the instant case, but the court was concerned about the

structure of the guidelines as a whole, not concerned about particularized unfairness as

to Singleton.  In a similar vein, a court might express concern about the "fairness" of

some mandatory act that is incumbent upon the court while simultaneously performing

that act in good faith.  Here, the court notes that its observation did not persuade the

court to lessen the impact of the application; had it been otherwise, the court could have

imposed a sentence at the bottom of the available range, straining against what the

guidelines required the court to do.  The court could have articulated possible grounds

for departure, but here did not do so.

The court is not convinced that the sentence originally imposed is unreasonable

or unfair under the circumstances.  The court rejects Defendant's objection to the six-

level enhancement and finds by a preponderance of the evidence that application of the

enhancement under USSG § 2Q1.2(b)(1)A) is appropriate.  The court denies

Defendant's request for a downward departure due to his "severe medical condition."

---

[3]The parties do not appear to dispute that the court has the authority to impose this enhancement.  Indeed, in *Booker*, the Court found that it was the mandatory nature of the Sentencing Guidelines which made them incompatible with the Sixth Amendment. *See Booker,* 125 S.Ct. at 764 ("Without this provision--namely the provision that makes 'the relevant sentencing rules . . . mandatory and impose[s] binding requirements on all sentencing judges'--the statute falls outside the scope of *Apprendi's* requirement"); *see also id.* at 750 ("[E]veryone agrees that the constitutional issues presented by these cases would have been avoided entirely if Congress had omitted from the SRA the provisions that make the Guidelines binding on district judges.").  The Sixth Circuit also recognized that the court may, in its discretion, apply this enhancement. *See United States v. Singleton,* No. 04-1236, slip op. at 3-4 (6th Cir. Sept. 22, 2005) (noting that while the initial application of the enhancement was erroneous under the mandatory Sentencing Guidelines, the application may nonetheless be appropriate on re-sentencing under the now-advisory Sentencing Guidelines).

(Def.'s Br. at 5.)  For the reasons stated fully at the February 9, 2004 sentencing

hearing, that Defendant's ailments do not warrant a downward departure.

Upon consideration of the now-advisory and correctly calculated range, finding

no reason to depart under the guidelines from that range, and in consideration of the

factors noted at 18 USC 3553(a),[4] the same sentence as originally imposed will, in the

---

[4]Under 18 U.S.C. § 3553, the court is to consider the following sentencing
factors:

    (1)    the nature and circumstances of the offense and the history and
             characteristics of the defendant;

    (2)    the need for the sentence imposed–

           (A)    to reflect the seriousness of the offense, to promote respect
                   for the law, and to provide just punishment for the offense;

           (B)    to afford adequate deterrence to criminal conduct;

           (C)    to protect the public from further crimes of the defendant;
                   and

           (D)    to provide the defendant with needed educational or
                   vocational training, medical care, or other correctional
                   treatment in the most effective manner;

    (3)    the kinds of sentences available;

    (4)    the kinds of sentence and the sentencing range established for–

           (A)    the applicable category of offense committed by the
                   applicable category of defendant as set forth in the
                   guidelines–

                  (I)    issued by the Sentencing Commission pursuant to
                         section 994(a)(1) of title 28, United States Code,
                         subject to any amendments made to such guidelines
                         by act of Congress (regardless of whether such
                         amendments have yet to be incorporated by the
                         Sentencing Commission into amendments issued
                         under section 994(p) of title 28); and

                  (ii)    that, except as provided in section 3742(g), are in
                         effect on the date the defendant is sentenced; or

           (B)    in the case of a violation of probation or supervised release,
                   the applicable guidelines or policy statements issued by the
                   Sentencing Commission pursuant to section 994(a)(3) of title
                   28, United States Code, taking into account any
                   amendments made to such guidelines or policy statements
                   by act of Congress (regardless of whether such
                   amendments have yet to be incorporated by the Sentencing
                   Commission into amendments issued under section 994(p)
                   of title 28);

    (5) any pertinent policy statement–

court's discretion, be re-imposed here. The court finds this sentence to be "sufficient, but not greater than necessary," *see* 18 U.S.C. § 3553(a), and reasonable under the facts of this case.

## IV. CONCLUSION

IT IS ORDERED that Defendant is SENTENCED to three concurrent terms of 37 months of imprisonment and a concurrent term of 24 months of imprisonment, to be followed by three years of supervised release. Additionally, the court imposes a $400 special assessment and orders Defendant to pay restitution in the amount of $84,816.83. A separate Judgment will issue.

> S/Robert H. Cleland
> ROBERT H. CLELAND
> UNITED STATES DISTRICT JUDGE

Dated: March 6, 2006

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, March 6, 2006, by electronic and/or ordinary mail.

> S/Lisa Wagner
> Case Manager and Deputy Clerk
> (313) 234-5522

---

    (A)    issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28, United States Code, subject to any amendments made to such policy statement by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and

    (B)    that, except as provided in section 3742(g), is in effect on the date the defendant is sentenced.

  (6)    the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

  (7)    the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553 (a)(1)-(7).

S:\Cleland\JUDGE'S DESK\Even Orders\03-80658.SINGLETON.ReSentencing.wpd